# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BEVERLY, III, | ) | CASE NO. 1:16-cv-2978 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| A. CLIFFORD THORNTON, JR., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The Court has under advisement several Rule 12 motions to dismiss filed by some of the defendants. (*See* Doc. No. 16 [Defendant Papcke]; Doc. No. 18 [Defendants Celebreeze, Chaney, Grdina], Doc. No. 19 [Defendant Thornton].) Only defendant Ellen S. Mandell has filed an answer. (*See* Doc. No. 4.)

The motions to dismiss are fully briefed and awaiting resolution. Despite that fact, *pro se* plaintiff William C. Beverly, III ("Beverly" or "plaintiff") has filed a motion for default judgment (Doc. No. 34) and a motion to rule on the pleadings under Rule 12(c). (Doc. No. 37.) Both motions reveal that plaintiff seems to be under the mistaken impression that, because answers have not been filed, the moving defendants are in default and he is entitled to judgment. But Fed. R. Civ. P. 12(b) requires that certain defenses be raised by way of motion prior to filing an answer. Thus, none of the defendants who have filed motions to dismiss are in default. All of these defendants are entitled to rulings on their dispositive motions before being required to answer.

Accordingly, Doc. Nos. 34 and 37 are denied. Further, plaintiff is directed that his *pro se* status does not excuse him from compliance with all applicable court rules. Indeed, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as

to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se* . . . are not entitled to special treatment[.]"); *Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Not only are these two motions denied, rendering any response by the defendants unnecessary, all further proceedings in this case are stayed pending the Court's resolution of the motions to dismiss. Hereafter, until this stay is lifted by the Court, no party may file anything without previously-obtained leave of Court. The Court reserves its right to strike any non-conforming filing.

**IT IS SO ORDERED**.

Dated: July 6, 2017

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**