UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BEVERLY, III, | ) | CASE NO. 1:16-cv-2978 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DEDRIA BEVERLY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The above-captioned case was filed on December 13, 2016 by pro se plaintiff, William C. Beverly, III ("plaintiff") against several defendants, including his former spouse (Dedria Beverly) and her former attorney (Ellen S. Mandell), plaintiff's own former attorneys (A. Clifford Thornton, Jr. and Mary E. Papcke) and three judicial officers (Judge Ann Celebreeze; Magistrate Cathleen J. Chaney; Judge Rosemary Grdina (Gold) ["the judicial officer defendants"]) – all associated, directly or indirectly, with plaintiff's divorce proceedings in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. (*Dedria Beverly v. William C. Beverly*, Case No. DR 16-360594.)

Defendants Ellen S. Mandell and Dedria Beverly filed their respective answers, raising affirmative defenses and requesting dismissal of the complaint. (Doc. Nos. 4 and 17.) The remaining defendants filed motions to dismiss. (Doc. No 16 [Mary E. Papcke]; Doc. No. 18 [the judicial officer defendants]; Doc. No. 19 [A. Clifford Thornton, Jr.].) Plaintiff filed briefs in opposition to each motion to dismiss. (Doc. Nos. 23, 24 and 22, respectively.) Defendant Papcke and defendant Thornton filed replies. (Doc. Nos. 25 and 26, respectively.)[1]

---

[1] Plaintiff has also filed numerous other documents out of rule (*see* Doc. Nos. 20, 21, 27, 28, 31, 34, and 37), which ultimately prompted the Court to order all proceedings stayed until the motions to dismiss were resolved, and further

Plaintiff's complaint, which does not comply with the pleading requirements of the Federal Rules of Civil Procedure,[2] is practically incomprehensible. But what can be gleaned from a close reading is that plaintiff is attempting to challenge the outcome of his divorce proceedings, and the orders issued therein, although generally framing the actions of the various defendants in constitutional terms – sprinkling into the complaint constitutional phrases such as "due process" and "equal protection" – or with reference to federal statutes, in an attempt to create federal question jurisdiction. The gravamen of each of his eight counts can be summarized by the following excerpts from the complaint:

> **Count 1 (42 U.S.C. §1983)** - "Acting under the color of law, Defendants conspired to deny Petitioner rights[,] privileges, and immunities secured by the United States Constitution and Federal Law." (Compl. p. 6.) "Defendants conspired for the purpose of impeding and hindering the due course of justice, with the intent to deny Petitioner [sic] equal protection of laws." (p. 6, citation omitted.)
>
> **Count 2 (42 U.S.C. §§ 1983, 1985(2), (3))** - "Defendants have constantly obstructed justice according to law." (p. 6.) "Misleading the Petitioner [sic] into a void judgment for a fraudulent divorce." (p. 6.) "Two or more persons did conspire to go in disguise to hold a fraudulent divorce depriving, [sic] then Defendant of equal protection of the law." (p. 6.)
>
> **Count 3 (42 U.S.C. § 1983)** - "[N]ot having sufficient evidence to proceed with a garnishment and divorce." (p. 8.)
>
> **Count 4 (Malicious Abuse of Process)** - "Defendants knew that they did void the proper procedures for divorce." (p. 9.)
>
> **Count 5 (18 U.S.C. §§ 241, 242 Conspiracy)** - "All defendants acted in concert to deny Petitioner [sic] his rights and ignored clearly established laws."

---

directing that, during the stay, no filings would be allowed without prior leave of Court. (*See* Order, Doc. No. 39.) In direct disregard of this Order, plaintiff filed a Rule 60 motion. (Doc. No. 40.) This motion is stricken from the record.

[2] In his prayer for damages, plaintiff correctly points out that pleadings in pro se cases are not held to the same standards as those filed by attorneys. That said, as previously noted by an Order of this Court, plaintiff's pro se status does not completely excuse him from compliance with applicable court rules, both federal and local, nor entitle him to special treatment. (*See* Order, Doc. No. 39 at 255-56 [all page number references herein are to the CMECF page ID#].)

**Count 6 (Intentional Infliction of Emotional Distress)** - "To garnish wages of Petitioner [sic] was and is unlawful according to the fraudulent procedure." (p. 10.)

**Count 7 (Mail Fraud)** - "Defendants all intentionally sent correspondence via U.S. Mail to Petitioner [sic], when they fraudulently sent mail pertaining to a null and void divorce." (p. 11.)

**Count 8 (Fraud)** - "Upon an astute observation of the procedure to be married there was fraud in the factum. . . . Petitioner [sic] was not aware of being induced into signing a fraudulently [sic] contract for a marriage license. . . . Providing evidence the divorce is fraudulent conversion of the marriage. . . ." (pp. 11-12.)

(Doc. No. 1.) Count 8 appears to also challenge not only the divorce, but also the original marriage.

Federal courts have no jurisdiction to resolve or overturn domestic-relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.") (citation omitted).

Moreover, even if this case did not fall within the "narrow range" of cases to which the domestic relations exception applies, *see Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015); *Chevalier v. Estate of Barnhart*, 803 F.3d 789 (6th Cir. 2015), construing the complaint as liberally as possible, given plaintiff's pro se status, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (pro se pleadings are to be liberally construed), it fails to state a claim against any of the defendants, some of whom are not state actors (plaintiff's former spouse and the attorneys), and others of whom enjoy absolute immunity from suits for damages (the judicial officer defendants). *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (there is no cause of action against a private party, "no matter how discriminatory or wrongful" the party's actions); *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) (judges and other court officials are absolutely immune from suits

3

on claims arising out of their performance of judicial or quasi-judicial functions, even if accused of acting maliciously or corruptly).

For the reasons set forth herein, the defendants' various motions to dismiss (Doc. Nos. 16, 18, and 19) are granted. Further, the Court *sua sponte* dismisses this action against the remaining defendants because their answers raised meritorious affirmative defenses relating to jurisdiction and requested judgment on the complaint. *See Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012) ("[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider [it] *sua sponte*"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This case is dismissed.

**IT IS SO ORDERED**.

Dated: August 22, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**